HENRIETTA LEVI *vs.* LYNN AND BOSTON RAILROAD COMPANY.

In an action against a street railway corporation to recover for the loss of a box of merchandise delivered to them to be carried for hire on the front platform of one of their cars, the plaintiff, for the purpose of showing them to be common carriers of goods, may prove that other persons had paid money to their conductors, with the knowledge of their superintendent, for the carriage of merchandise by them; and if it is proved that they were common carriers of goods, and that they received the box to be carried upon one of their cars for hire, and that it was lost during a trip, they are responsible for its value.

If in such case no instructions were asked or given at the trial in regard to the question whether the plaintiff was negligent in placing the box on the front platform of the car, or whether he actually placed the same in the custody of the defendants' servants, and the evidence upon these questions is not reported, they are not open for argument on the exceptions.

TORT against a street railway corporation to recover the value of a box of merchandise.

At the trial in the superior court, before *Brigham,* J., the plaintiff introduced evidence tending to show that on the 8th of July 1864 she placed upon the front platform of one of the defendants' cars in Boston a box of merchandise, and then took her seat within the car to go to Chelsea, and paid the conductor her fare and also a certain sum as compensation for carrying the

Levi *v.* Lynn and Boston Railroad Company.

box to Chelsea. She was also allowed to introduce evidence, under objection, tending to show that two other persons had at other times paid to conductors of the defendants' cars money for the conveyance of merchandise to Chelsea in addition to their own fare, with the knowledge of the superintendent of the railroad.

The above are all the facts recited in the bill of exceptions.

The judge instructed the jury as follows:

" If the conductor of the defendants' car received from the plaintiff a sum of money as a consideration for the transportation of her package of merchandise together with the plaintiff, and the conductor so received said money in conformity with a practice of the conductors employed to conduct cars of the defendants, known and assented to by the defendants, the defendants would thereby become responsible for the delivery of plaintiff's packages at her destination on their road.

" If the plaintiff paid no consideration for the transportation of her packages of merchandise, but was permitted by the conductor to deposit them on the platform of the car, and in a place designated by him for transportation with the plaintiff to her destination on the defendants' road, in conformity with a practice of the conductors employed by the defendants, known and assented to by the defendants, then the defendants would be responsible only for gross negligence in the transportation of said packages.

" By thus permitting said packages to be deposited and transported, the defendants became responsible for the exercise, by their servants conducting and driving said car, of that care of such packages only which the conductor and driver might consistently with all their duties in the driving and conducting of the car, and the receiving, transporting and delivering of passengers on the road in safety, exercise, in view of the facts of the place where said packages were deposited, the construction and arrangement of the platform, and the use and occupation of the platform at the same time by the person acting as driver upon said car. The absence of this care would be gross negligence. Knowledge of the practice of conductors and assent by

the superintendent would authorize ·the jury to infer knowledge and assent by the defendants."

The jury found that the plaintiff did pay a sum of money as a consideration for the transportation of her packages of merchandise in addition to her own fare, and rendered a verdict for the plaintiff. The defendants alleged exceptions.

*D. Peabody,* for the defendants. 1. The plaintiff did not use due care in placing her box on the front platform. She was bound to know that it was liable to be thrown off by the motion of the car. The platforms of these cars are not constructed with reference to carrying merchandise upon them. 2. The box never passed from her control. It was in summer, and the doors of the car were of course open. The box was not put under the control of the conductor. If money was paid, it was in compensation for the space the box would occupy, or for the privilege of putting it there, and not for any care or control of the defendants' servants. 3. The evidence was insufficient to establish a custom of the defendants to carry merchandise for hire ; and it was necessary for the plaintiff to establish such custom. *Allen* v. *Merchants' Bank,* 22 Wend, 222.

*A. Hemenway,* for the plaintiff. The first two points taken by the defendants are not open on this bill of exceptions. The evidence of custom was competent and sufficient. *Eager* v. *Atlas Ins. Co.* 14 Pick. 146. *Winsor* v. *Dillaway,* 4 Met. 221. *Fay* v. *Noble,* 12 Cush. 1. *Lester* v. *Webb,* 1 Allen, 34. The defendants were thereby proved to have become common carriers of goods. Redfield on Railways, § 138, *n. Dwight* v. *Brewster,* 1 Pick. 53. *Kimball* v. *Rutland & Burlington Railroad,* 26 Verm. 247. *Gordon* v. *Hutchinson,* 1 Watts & S. 285.

COLT, J. The plaintiff resorted to the usual and proper mode of proving that the defendants had assumed the business of common carriers of merchandise upon their cars, and produced evidence that two other persons had paid money at other times to the defendants' conductors for the transportation of merchandise, with the knowledge of the superintendent of the road. For anything that appears to the contrary in the exceptions, it may have been proved that these two other persons had

so employed the defendants in repeated instances. The evidence was entirely proper to go to the jury, and, in the absence of anything to control or contradict it, would be sufficient to warrant them in finding that the defendants had assumed to be and were common carriers, when the plaintiff's box was delivered to them for transportation.

The jury were in effect instructed that, if they found that the defendants were common carriers, and that the plaintiff's box was delivered to them for transportation, and the price of transportation paid by her, they would be responsible for the delivery of the box at its place of destination. And these instructions were sufficiently correct and accurate.

If the defendants were proved to be common carriers the law supplies the proof of the contract, so far as regards the extent and degree of liability, and, the bailor having proved delivery to a carrier and loss, the burden is on the carrier to discharge himself from liability, within the exceptions which the law creates. No question seems to have been raised or instructions required in regard to the limit of the defendants' liability in this case, if regarded as common carriers. *Clark* v. *Barnwell,* 12 How. 272. *Alden* v. *Pearson,* 3 Gray, 342.

The question whether the plaintiff was herself negligent, in placing her property on the front platform of the car, and the point that she did not in fact part with the custody of the box, and so cannot charge the defendants with her loss, are not open to the defendants upon these exceptions, for it does not appear that any such question was raised or point made at the trial. *Brigham* v. *Wentworth,* 11 Cush. 123. *Reed* v. *Call,* 5 Cush. 14. *Moore* v. *Fitchburg Railroad,* 4 Gray, 465.

*Exceptions overruled.*